The only assignment of error being based on the refusal to grant a new trial, the motion therefor containing no grounds except such as insist that it was error to direct the verdict, for various reasons alleged; and it appearing that there was no conflict in the evidence, and that the evidence introduced, with all reasonable deductions and inferences therefrom, demanded the particular verdict as rendered, the judgment refusing a new trial is
Affirmed. All the Justices concur, except Bell, J.,disqualified.
 No. 13127. FEBRUARY 16, 1940. REHEARING DENIED MARCH 15, 1940.
A promissory note for $2000 was made to Mrs. W. S. Wight by Pebble Hill Farm, a partnership, and was indorsed by J. A. Lindsay, a member of the partnership. Several years later the note was renewed, and to secure its payment a deed was executed by H. G. Cannon and W. H. Searcy to their half undivided interest in a 250 acre tract of land in Grady County, being lot 345 in the 17th district. This deed recited that the note had been signed by Pebble Hill Farm, a firm composed of H. G. Cannon, W. H. Searcy, and J. A. Lindsay. Later Cannon purchased the one-fourth interest of Searcy, and the land was then owned by Cannon and Lindsay equally. Cannon and Lindsay then entered into a written agreement wherein it was stated that notwithstanding the note to Mrs. Wight was secured only by the deed of Cannon to his one-half undivided interest in the described land, as a matter of fact it was a debt of the Pebble Hill Farm partnership, then composed of Cannon and Lindsay, and that each of these partners was equally liable *Page 835 
therefor. The debt not being paid, Mrs. Wight brought suit on the note in the city court of Cairo against Mrs. H. G. Cannon, as executrix of the estate of H. G. Cannon, deceased. The executrix filed in the superior court her petition against Mrs. Wight, to enjoin the prosecution of her suit in the city court, and against Mrs. J. A. Lindsay, the widow and sole heir at law of J. A. Lindsay, then deceased, alleging that there had been no administration of his estate, the widow having taken charge of all his property and paid his debts, and praying for an accounting of the partnership business, that the land be sold by order of the court, and that from the proceeds the debt owing to Mrs. Wight be paid, and the remainder, after the payment of taxes and all costs, be divided between petitioner and Mrs. Lindsay as their interests might appear. Answers were filed by the defendants. The petition alleged, and it was admitted in the answer, that Pebble Hill Farm was a co partnership composed of Lindsay and Cannon, and that the land in question was partnership property. On the trial evidence was introduced for the plaintiff, which included not only the documents above referred to, but the testimony of witnesses, among them Mrs. Lindsay, the defendant. At the conclusion of the hearing the court directed a verdict as follows: "We, the jury, find a verdict in favor of plaintiff and against defendants, and find that the property, to wit, lot of land 345, subject to claim of Mrs. W. S. Wight, and remainder, less costs and expenses, be divided equally between plaintiff and Mrs. J. A. Lindsay."
The bill of exceptions, after reciting that the judge directed the verdict, recites that the court "signed a judgment in the said case," and that a motion for new trial made by Mrs. Lindsay was overruled, and she excepted. The judgment excepted to in the motion is not in the record.